FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 22, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSE LUIS MUNIZ,<br><br>    Defendant. | No. 4:17-CR-06014-SAB-2<br><br>**ORDER GRANTING MOTION FOR SENTENCE REDUCTION**<br><br>**\*U.S. MARSHALS SERVICE ACTION REQUIRED\*\*** |

    Before the Court is the Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1), ECF No. 614. Defendant is represented by Nicholas Marchi. The United States is represented by Ian Garriques, Richard Barker, and Stephanie Van Marter. The motion was considered without oral argument.

    On November 7, 2018, Defendant pled guilty to Conspiracy to Distribute 500 grams or more of a Mixture or Substance Containing a Detectable Amount of Methamphetamine and 5 kilograms of Cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. On July 22, 2019, he was sentenced to 135 months imprisonment and 5 years supervised release. On February 15, 2024, the Court granted Defendant's Motion for Sentence Reduction under Amendment 821 for zero-point offenders, reducing his sentence to 108 months. ECF No. 599.

**ORDER GRANTING MOTION FOR SENTENCE REDUCTION** ~ 1

Defendant's projected release date from his Residential Reentry Management facility in Seattle is March 11, 2026. *See* BOP Inmate Finder, https://www.bop.gov/inmateloc (last visited January 17, 2025).

Defendant asks the Court to reduce his sentence of incarceration to time-served. Defendant asserts he is the sole available caregiver for his ailing wife and their six children, and due to her deteriorating condition and the recovery of one of his children from Leukemia, he is needed to care for them.

After reviewing the caselaw, § 3553(a) factors and basis for release outlined in § 3582, the briefs, and the provided medical records, the Court **grants** the motion for compassionate release.

## MOTION STANDARD

Generally, a court may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c); *see also Dillon v. United States,* 560 U.S. 817, 824 (2010) ("A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances.") (internal alterations omitted). Compassionate release, however, provides an exception to this general rule in extraordinary cases. *See* 18 U.S.C. § 3582(c)(1)(A). Prior to the enactment of the First Step Act in December 2018, only the Bureau of Prisons (BOP) could raise the issue of compassionate release. The First Step Act modified 18 U.S.C. § 3582(c)(1)(A), however, with the intent of "increasing the use and transparency of compassionate release." Pub. L. No. 115–391, 132 Stat. 5194, at 5239. Section 3582(c)(1)(A) now allows a federal prisoner to seek compassionate release after exhausting all administrative remedies with the BOP.[1]

Section 3582(c)(1)(A) permits a court to reduce the term of imprisonment

---

[1] Defendant submitted a request to the Warden of FCI-Herlong on June 14, 2021, which was denied on July 13, 2021.

**ORDER GRANTING MOTION FOR SENTENCE REDUCTION ~ 2**

after considering the factors set forth in § 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The purpose of compassionate release is to provide a "safety valve with respect to situations in which a defendant's circumstances had changed such at the length of continued incarceration no longer remained equitable." *United States v. Chen*, 48 F.4th 1092, 1098–99 (9th Cir. 2022).

Further, the Ninth Circuit has instructed that in deciding whether to grant a defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), district courts must consider (1) whether extraordinary and compelling reasons warrant such a reduction; and (2) the sentencing factors set forth in 3553(a) to the extent they are applicable. *United States v. Keller*, 2 F.4th 1278, 1283–84 (9th Cir. 2021). Each step of this analysis qualifies as an independent ground to deny a motion for compassionate release. *United States v. Wright*, 46 F.4th 938, 947 (9th Cir. 2022). Defendant bears the burden of "establish[ing] his eligibility for compassionate release." *Id.* at 951.

Congress has not provided a statutory definition of "extraordinary and compelling reasons." *United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021) (per curiam).[2] In November 2023, the United States Sentencing Commission updated § 3582 to further define what qualifies as "extraordinary and compelling

---

[2] Instead, Congress instructed the United States Sentencing Commission that "in promulgating general policy statements regarding the sentencing modification provisions in § 3582(c)(1)(A) of title 18, [it] shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *Aruda*, 993 F.3d at 800 (citing 28 U.S.C. §§ 944(t); 944(a)(2)(C)).

**ORDER GRANTING MOTION FOR SENTENCE REDUCTION ~ 3**

reasons" for compassionate release. U.S.S.G. § 1B1.13 (last amended Nov. 1, 2023). It identified six circumstances that may reach the standard: (1) medical circumstances; (2) age; (3) family circumstances; (4) whether the defendant experienced abuse in custody; (5) alternate but similar reasons to 1–4; and (6) an unusually long sentence. However, the amendment is still informative and not binding for the district court. *Aruda*, 993 F.3d at 802.

## ANALYSIS

To decide Defendant's compassionate release request, the Court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a). These factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes by the defendant; and (D) to provide the defendant with needed educational and vocational training, medical care, and other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). The Court must impose a sentence that is sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public. *United States v. Lizarraras-Chacon*, 14 F.4th 961, 966 (9th Cir. 2021) (citation omitted).

Defendant participated knowingly in a conspiracy to distribute methamphetamine and cocaine as a part of the Bueno-Martinez drug trafficking organization. He dispatched associates to store, transport, and deliver narcotics and bulk U.S. currency. He was a logistical coordinator for the organization.

Based on Defendant's acceptance of responsibility reduction, the USSG calculations resulted in a Total Offense Level of 33 and Criminal History Level I, with the resulting range of 135 – 168 months. The amount of drugs also triggered the 120-month mandatory minimum sentence, but Defendant

**ORDER GRANTING MOTION FOR SENTENCE REDUCTION ~ 4**

qualified for the Safety Valve.

Pursuant to the parties' plea agreement, the United States agreed to recommend a sentence at the low end of the guideline range, allowing Defendant to argue for any legal sentence. The plea agreement also did not seek an aggravating role element for Defendant being an organizer and leader. The Court accepted the plea agreement and sentenced Defendant to 135 months, with credit for time served, and 5 years supervised release. That was later reduced to 108 months under Amendment 821.

A review of Defendant's criminal history shows convictions for minor crimes with no prison time served. His Criminal History Category of I does not lead to concern for recidivism.

In reviewing the Section 3553(a) factors, Defendant's Motion, and Defendant's family medical records, the Court finds that Defendant **is entitled** to a sentence reduction. The time Defendant has served is sufficient to reflect the seriousness of his underlying offense, provide just punishment, and afford adequate deterrence to criminal conduct.

The Court considered whether Defendant's motion presented "extraordinary and compelling" circumstances under 18 U.S.C. § 3582(c)(1)(A)(i). Defendant identifies as his reasons for seeking relief the severe deteriorating medical condition of his wife; that one of his children is in remission from Leukemia, setting them back in school and requiring assistance; and that the family members that could care for his family have other care obligations. The Court finds the family medical conditions and circumstances listed in Defendant's motion rise to the level of "extraordinary and compelling."

//
//
//

**ORDER GRANTING MOTION FOR SENTENCE REDUCTION ~ 5**

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1), ECF No. 614, is **GRANTED**.

2. Defendant's previously imposed sentence of imprisonment of 108 months is **reduced to time served**.

3. Counsel shall advise Defendant on his requirements for supervised release and reporting to U.S. Probation.

4. The United States Marshals Service **is directed** to release Defendant forthwith.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel, **U.S. Probation**, and the **U.S. Marshals Service**.

**DATED** this 22nd day of January 2025.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING MOTION FOR SENTENCE REDUCTION ~ 6**